# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 3:13-CR-0081 |
| **AUGUST JOHN STILE, JR.** | : | **(JUDGE MANNION)** |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

Pending before the court is a motion filed by defendant August John Stile, Jr. asking the court to grant him an extension of time to file pre-trial motions after the motion deadline set by the court. (Doc. No. 23.) Pursuant to the court's initial scheduling order, the parties were directed to file all pre-trial motions by May 22, 2013. (Doc. No. 12.) On May 20, 2013, defendant Stiles filed a motion for an extension of time, (Doc. No. 13), which the court granted on May 21, 2013, extending the deadline for filing pre-trial motions until July 8, 2013 (Doc. No. 21). On June 26, 2013, defendant again filed a motion for an extension of time, (Doc. No. 15), which the court also granted, extending the deadline until August 30, 2013 (Doc. No. 16).

The subject of the present order is defendant's third motion for an extension of time. (Doc. No. 23.) Unlike the last two motions, however, which requested an extension of the motion deadline to a date certain, the present motion simply requests that defendant be allowed to file pre-trial motions any time before trial "if after reviewing the government's response to [d]efendant's . . . motions, said [d]efendant deems it appropriate to file said additional [m]otions." (Doc. No. 23.) Furthermore, defendant's motion provides no

compelling justification for such a liberal extension of time, and the United States opposes any further extension. (Doc. No. 23.) To set a pre-trial deadline and then casually grant unbounded extensions without a new deadline would contradict the policy of the federal rules, prolong pre-trial litigation, and defeat the purpose of setting pre-trial deadlines in the first place.

In federal court, "[m]atters of docket control and scheduling are within the sound discretion of the district court." U.S. S.E.C. v. Infinity Group Co. 212 F.3d 180, 197 (3d Cir. 2000); see also Cordis Corp. v. Boston Scientific Corp., 03-CV-027, 2009 WL 3160270, *3 (D.Del. Sept. 30, 2009) ("district courts manage hundreds of civil and criminal cases at any given time. For this reason, they are afforded broad discretion to control and manage their dockets."); Pepe v. Koreny, 189 F.3d 478, *2 (10th Cir. Sept. 3, 1999) ("The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances or extensions of time."). The Federal Rules of Criminal Procedure and the advisory committee notes thereto indicate that courts should be somewhat hesitant to grant open-ended extensions to the pre-trial motion deadline, even if those extensions are requested by the defendant and therefore excluded from the speedy trial provisions of 18 U.S.C. §3161. Rule 12(c) provides, "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." Fed.R.Crim.P. 12(c). The

advisory committee notes, which accompany the 2002 amendment to Rule 12(c), state:

> Rule 12(c) includes a non-stylistic change. The reference to the "local rule" exception has been deleted to make it clear that judges should be encouraged to set deadlines for motions. The Committee believed that doing so promotes more efficient case management, especially when there is a heavy docket of pending cases. Although the rule permits some discretion in setting a date for motion hearings, the Committee believed that doing so at an early point in the proceedings would also promote judicial economy. Fed.R.Crim.P. 12(c) advisory committee notes.

The advisory committee notes demonstrate that the Federal Rules of Criminal Procedure have adopted a policy which favors establishing early pre-trial deadlines to facilitate the swift processing of criminal matters. The court believes this policy is inconsistent with defendant's requested relief, which would in effect eliminate the court's already twice-amended pre-trial deadline.

**IT IS HEREBY ORDERED** that defendant's motion for an extension of the deadline for filing pre-trial motions, (Doc. No. 23), is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 10, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 CRIMINAL MEMORANDA\13-081-01.wpd

3